**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

STEVEN E. GREER,                                                  Case No. 1:24-cv-00118

       Plaintiff,                                                  McFarland, J.
                                                                 Bowman, M.J.
    v.


SUSAN HARRELD, et al.,

       Defendants.


**MEMORANDUM OPINION AND ORDER**

On March 8, 2024, Plaintiff paid the requisite filing fee and initiated the above-captioned lawsuit against ten individual Defendants, all of whom appear to be either family members or former counsel for the referenced family members. In part because it is facially apparent that the matters at issue in the complaint primarily arose in Franklin and Delaware counties, and in part for reasons of judicial economy (the complaint spans an eye-popping 268 pages including exhibits), the undersigned has not evaluated whether this Court has subject matter jurisdiction.[1] *See generally, Apple v. Glenn,* 185 F.3d 477 (6th Cir.1999). But in an effort to facilitate future proceedings in the Columbus division in which this case is to be transferred, the instant Order addresses the length of the complaint and directs Plaintiff to file an amended complaint in conformity with Rule 8, Fed. R. Civ. P.

---

[1]Plaintiff alleges the existence of subject matter jurisdiction under 28 U.S.C. § 1332, based on the complete diversity of citizenship between Plaintiff and all Defendants, and the alleged amount in controversy. (Doc. 1 at 27, PageID 27). Plaintiff alternatively alleges federal question jurisdiction over his "conspiracy" claims. (*Id.*)

### i.    Background and Venue

Plaintiff alleges venue is proper in the Southern District of Ohio, without explanation as to why venue would be appropriate in the Cincinnati division. The undersigned takes judicial notice that the same Plaintiff[2] previously filed suit in the Columbus division on September 16, 2022 against five of the same Defendants.[3] In *Greer v. Harreld et al.*, Case No. 2:22-cv-3443-SDM-CMV, Plaintiff initially filed a 65-page complaint that he supported with an additional 45 pages of exhibits. (Doc. 1). In lieu of an answer, Defendants moved to dismiss under Rule 12(b)(6). (Doc. 18). In response, Plaintiff filed a 125-page First Amended Complaint, supported by 56 pages of exhibits. (*Id.*, Doc. 21).

Defendants moved to strike Plaintiff's First Amended Complaint under Rule 12(f), objecting to its length and arguing that both the original and amended complaints were filed for an improper purpose. (*See id.*, Doc. 22 at 2, arguing that the original complaint included "countless insulting statements …that would amount to defamation if not protected by litigation privilege" and that the amended complaint "is even more filled with content that is irrelevant to any potential claim"). The Court extended time for Defendants to otherwise respond to the amended complaint until after resolution of the motion to strike. (Doc. 28). In the same Order, the Court cautioned Plaintiff against continuing to

---

[2]Though relatively new to this district, Plaintiff appears to be an experienced pro se litigant. *See, e.g., Greer v. Fox Corp.*, et al, No. 20-cv-5484-LTS-SDA, 2-22 WL 4093155 (S.D.N.Y. Sept. 7, 2022),  *aff'd Greer v. Fox News Media*, No. 22-1970-cv, 2023 WL 2671796 (2d Cir. Mar. 29, 2023); *Greer v. Mehiel*, No. 15-cv-6119-AJN, 2018 WL 1626345 (S.D.N.Y. 2018), aff'd *Greer v. Mehiel*, No. 19-326-cv, 805 Fed. Appx. 25 (2d. Cir., Mar. 17, 2020), *cert. denied, Greer v. Mehiel*, 141 S.Ct. 136 (2020), *Greer v. The Lancet et al.*, No. 4:23-cv-3751, remanded at 2024 WL 658958, at *1 (5th Cir., Feb. 16, 2024) (*per curiam*).
[3]Although some references to the prior action are buried in the body of the current complaint, Plaintiff fails to identify the prior action as a "related case" on his Civil Cover sheet, as required by Local Rule 3.1(b).

contact chambers or the Clerk's office via telephone and email about any substantive matters, warning him that *ex parte* communications are improper and that he may contact the Court "with purely procedural questions about the mechanics of filing documents," with "all other communications…[to] be conveyed in a formal motion." (*Id.*) *See also* Local Rule 7.2(c).

Thereafter, Plaintiff moved for leave to file a Second Amended Complaint solely for the purpose of adding Defendant Bryan Greer to the relief section on page 125 of his pleading. The Court granted Plaintiff's motion, specifying that the Second Amended Complaint "shall be identical to [Plaintiff's] First Amended Complaint" but for the authorized amendment. (Doc. 39). In light of that amendment, the Court denied the Defendants' pending motion to strike the First Amended Complaint as procedurally moot, but without prejudice to "raise the same arguments in responding to [Plaintiff's] Second Amended Complaint." (*Id.*)

Plaintiff later filed a motion to "clarify" the Court's order, seeking leave to file a different complaint that Plaintiff promised would be "more usable" and readable. (Doc. 40). On April 11, 2023, the Court granted Plaintiff's motion but warned that "the Court will not allow any further amendments to the complaint absent a showing of good cause." (Doc. 53).[4] In light of the filing of the Third Amended Complaint, the Court denied as moot the Defendants' long-pending motion to dismiss Plaintiff's original complaint. After denying several other motions filed by both parties, including a motion for sanctions filed

---

[4]In prior litigation, courts have similarly declined to permit Plaintiff perpetual amendments. *See*, *e.g.*, *Greer v. Mehial*, 805 Fed. Appx. at 29 (affirming district court's denial of leave to file third amended complaint after close of discovery); *Greer v. Fox News Media*, 2023 WL 2671796 at *2 (affirming denial of leave to amend Plaintiff's complaint a third time on grounds of futility).

by Defendants under *state* law, the Court expressed the following concern:

> [T]he Court is concerned that Steven's filings demonstrate a lack of respect for the Court, his adversaries, and the judicial process. See S.D. Ohio Introductory Statement on Civility. The Court hereby ORDERS that Steven shall have no contact with the Defendants. Steven is further ORDERED to avoid disparaging personal remarks or acrimony toward opposing counsel. Should Steven continue to contact Defendants directly or to otherwise violate this Order, the Court will consider any motions brought by Defendants for sanctions for such violations.

(Doc. 53 at 7-8, PageID 956-57). The Court pointed out that unlike the state authorities to which the Defendants had cited, Rule 11 of the Federal Rules of Civil Procedure applies in *federal* court, but its provisions include "safe harbor requirements." *See id.*, at PageID 958, citing Fed. R. Civ. P. 11(c)(1).

Pursuant to the Court's April 11, 2023 Order, Plaintiff filed his "new and improved" Third Amended Complaint. That pleading topped out at 135 pages. (See No. 2:22-cv-3443-SDM-CMV, Doc. 55). But the day after the Court authorized the filing – notably before Defendants could file a new motion for sanctions, motion to strike or motion to dismiss – Plaintiff voluntarily dismissed his Third Amended Complaint without prejudice under Rule 41. (*Id.*, Doc. 56).

A brief review of Plaintiff's Third Amended Complaint in Case No. 2:22-cv-3443-SDM-CMV suggests that much of it has been cut-and-pasted into Plaintiff's current complaint. However, Plaintiff's latest iteration adds allegations accusing Defendants of "murdering" Plaintiff's 86-year-old father in October of 2023 after placing him in a nursing home called The Avalon in New Albany, Ohio. (*See* Doc. 1 at p. 22, PageID 22). And the complaint in *this* case, at 155 pages plus another 138 pages of exhibits, is even lengthier than the prolix versions filed in Case No. 2:22-cv-3443-SDM-CMV.

4

Both at the time he filed Case No. 2:22-cv-3443-SDM-CMV in the Columbus division and at the time that he initiated the above-captioned case, Plaintiff resided in Florida. Given that most of the events in issue are alleged to have occurred in the Greater Columbus, Ohio area and/or in Franklin and Delaware Counties, it is unclear why Plaintiff elected to initiate his closely related new lawsuit in Cincinnati rather than in the Columbus division. However, a plaintiff's chosen forum is entitled to less deference when the cause of action has little connection with that forum and the plaintiff does not reside in this district. *See Breech v. Liberty Mut. Ins. Co.*, No. 1:15-cv-346-MRB, 2015 WL 4465064, at *2 (S.D. Ohio July 21, 2015).

Pursuant to S.D. Ohio Local Rule 82.1(c), suit in this district "shall be filed at the location of Court that serves a county in which *at least one defendant* resides." (emphasis added). According to the complaint, the named Defendants reside in Franklin and/or Delaware Counties, Ohio, in Washington D.C., or in Parker, Colorado. None are alleged to reside in Cincinnati.  In addition to the fact that most of the events at issue occurred within the Columbus division, where most Defendants and evidence may be located, the familiarity of the Columbus judges with Plaintiff's prior related case also may be considered. *See Svete v. Wunderlich*, 2009 WL 3028995 at *2 (S.D. Ohio Sept. 16, 2009) (citing *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1947)).

Ultimately, the decision of whether to transfer venue is committed to the strong discretion of the trial court.  *Midwest Motor Supply Co., Inc. v. Kimball*, 761 F. Supp. 1316, 1318 (S.D. Ohio 1991).  Based on the record presented and under L.R. 82.1(c), this case should be transferred to Columbus.  *See also* 28 U.S.C. §1404(b) (allowing for discretionary transfer of venue).

## II. Plaintiff's Failure to Comply with Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to consist of "a short and plain statement of the claim showing that the pleader is entitled to relief" against the Defendants. Fed. R. Civ. P. 8(a)(2). In addition, a complaint must be "simple, concise, and direct." Rule 8(d)(1). Pro se litigants are not excused from compliance with mandatory rules of civil procedure, including Rule 8.

In addition to requiring compliance with Rule 8, a court may *sua sponte* strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f), Fed. R. Civ. P. In the instant case, many of Plaintiff's allegations are shocking or scandalous in nature, repeating wholesale prior allegations that Defendants moved to strike in his prior case. (*Compare* Complaint in this case with Doc. 22 at 4-5, PageID 449-450 in Case No. 2:22-cv-3443 (listing examples of immaterial and scandalous allegations in prior version of complaint)). Without passing judgment on the truth or falsity of such allegations, the undersigned concludes that many of the most scandalous allegations are wholly immaterial and not relevant to any particular claim. Plaintiff includes a large number of other less scandalous but no less immaterial allegations as well, leading to the inordinately excessive length of his pleading.[5]

In *Kensu v. Corizon, Inc.*, 5 F.4th 646 (6th Cir. 2021), the Sixth Circuit upheld the dismissal of a complaint filed by a pro se litigant who repeatedly had failed to comply with Rule 8. Rather than filing a concise pleading, his complaint (and amended versions

---

[5]Defendants' motion to strike Plaintiff's First Amended Complaint in Case No. 2:22-cv-3443-SDM-CMV called out a number of specific immaterial allegations. Most of the same allegations have been cut and pasted into Plaintiff's new complaint in this case, albeit on different pages. (*Id.*, see Doc. 22 at 5-6).

6

thereof) included an "unnecessarily lengthy recitation" of background facts and allegations, and made it "impossible for the district court or 'opposing counsel to discern which factual allegations [we]re asserted to provide context,' 'which [we]re asserted to support his current claims, and which were legally insignificant.'" *Id.* at 648-649 (quoting district court opinion). *Kensu* was published for the express purpose of setting precedent for future cases in which a trial court dismisses not based on the more familiar "plausibility" standard, but instead based on a plaintiff's "repeated failure to plead claims and allegations with *clarity*" under Rule 8. *Id.*, 5 F.4th at 650; *see also*, *generally*, *McComb v. Dominium Property Management*, No. 3:20-cv-369, 2022 WL 4395994, at *3 (S.D. Ohio Sept. 23, 2022) (dismissing complaint where plaintiff had engaged in persistent or vexatious refusal to comply with Rule 8, despite having been given at least two opportunities to amend).

The plaintiff's complaint in *Kenzu* – at 108 pages – was significantly shorter in length than the instant complaint. But length is but one factor to consider in evaluating a litigant's compliance with Rule 8.

> What is a short and plain statement of a claim or a simple, clear, and direct allegation will, of course, depend on the totality of the circumstances: more complicated cases will generally require more pleading. What Rule 8 proscribes is *obfuscation* of the plaintiff's claims. *See Swierkiewicz*, 534 U.S. at 514, 122 S.Ct. 992. The district court and defendants should not have to "fish a gold coin from a bucket of mud" to identify the allegations really at issue. *Garst*, 328 F.3d at 378. So, while excessive length may indicate a lack of requisite concision and simplicity, it cannot be the sole factor justifying dismissal. *Bennett*, 153 F.3d at 518; *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1132–33 (9th Cir. 2008) (finding it an abuse of discretion to dismiss with prejudice a "long but intelligible" complaint that "allege[d] viable, coherent claims"). The key is whether "the complaint is so 'verbose, confused and redundant that its true substance, if any, is well disguised.'" *Gillibeau*, 417 F.2d at 431 (quoting *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)).

7

*Id*. at 651.

Here, in addition to the inclusion of innumerable immaterial and sometimes scandalous allegations about the Defendants' personal attributes, it is facially apparent that many of other deficiencies identified in *Kensu* exist in Plaintiff's newest complaint. It is virtually impossible due to the prolixity of the complaint, the odd insertion of evidentiary materials in the midst of the complaint (including pictures, audio and video links),[6] and confusing numbering system[7] – to name but a few issues - for this Court to *sua sponte* strike immaterial allegations under Rule 12(f) in a manner that would result in compliance with Rule 8. In the interests of justice and the exercise of its discretion, therefore, the Court will instead require Plaintiff to file a First Amended Complaint within ten (10) days of this Order, and to promptly serve all Defendants with the First Amended Complaint.

## II.    Conclusion and Order

Accordingly, **IT IS ORDERED THAT:**

1.  This case is hereby **TRANSFERRED** to the Eastern Division of this Court at Columbus;

2.  Plaintiff's motion for ECF filing rights (Doc. 2) is **GRANTED**;

---

[6]Adding to the confusion, 23 evidentiary exhibits are also attached to the end of the complaint, beginning on page 156, without separate designation in the electronic record. When Plaintiff re-files his amended complaint in conformity with this Order, the Court encourages him to number and file each exhibit as an attachment to the complaint in the electronic record, with an appropriate description that describes the nature of each exhibit. *See generally* Local Rule 5.1(b).

[7]The complaint contains hundreds if not thousands of numbered paragraphs. How many is impossible to tell from a superficial review because the numbers are repeated in a manner that defies explanation. For example, while paragraph 23 first appears in sequential order on page 11 of the complaint, Plaintiff restarts with paragraph "23" following paragraph 34 on page 13. And again Plaintiff starts anew with paragraph "23" on pages 15, 21, 24, 92, 93, 109, 114, and 115.  To add to the confusion, Plaintiff has appended 23 separate exhibits beginning on page 156 of his complaint.

3. Within ten (10) days of the date of this Order, Plaintiff shall electronically file a First Amended Complaint that fully complies with Federal Rule of Civil Procedure 8, that eliminates redundant, immaterial, impertinent, or scandalous matter, and that separately identifies the exhibits to the complaint as attachments to the complaint in the electronic record;

4. Upon transfer to the Columbus division, the Clerk of Court shall note the relatedness of Plaintiff's previously filed case, No. 2:22-cv-3443-SDM-CMV.


_s/Stephanie K. Bowman_
Stephanie K. Bowman
United States Magistrate Judge